IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 11 2015
AT ____ O'CLOCK
Lawrence K. Baerman, Clerk

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. | 3:15-CR-261 (TJM) |
| | ) | | |
| v. | ) | **Indictment** | |
| | ) | | |
| RYAN T. ROOT, | ) | Violations: | 21 U.S.C. § 846 [Conspiracy to Possess with Intent to Distribute Controlled Substances]; |
| RICHARD PROGOVITZ, | ) | | |
| CALEB DOANE, | ) | | |
| KENT FLETCHER, | ) | | 18 U.S.C. § 1956(h) [Conspiracy to Commit Money Laundering] |
| DEREK STRASSLE, | ) | | |
| PAUL BOYLAN, | ) | | |
| KYLE CLARK, | ) | | |
| MICHAEL GISONDI, | ) | | |
| JEREMIAH O'BRIEN, and | ) | | |
| IGNACIO JAVIER GARCIA, a/k/a | ) | | |
| JASON GARCIA, | ) | | |
| | ) | 2 Counts and Forfeiture Allegations | |
| | ) | | |
| Defendants. | ) | County of Offenses: | Broome |

**THE GRAND JURY CHARGES:**

**COUNT 1**

[Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances]

From in or around January 2011, through on or about September 11, 2015, in Broome County, in Northern District of New York, and elsewhere, the defendants,

RYAN T. ROOT,
RICHARD PROGOVITZ,
CALEB DOANE,
KENT FLETCHER,
DEREK STRASSLE,
PAUL BOYLAN,
KYLE CLARK,
MICHAEL GISONDI,
JEREMIAH O'BRIEN, and
IGNACIO JAVIER GARCIA, A/K/A JASON GARCIA

conspired with others to knowingly and intentionally possess with intent to distribute and to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846. As to all defendants, that violation involved anabolic steroids, schedule III controlled substances, in violation of Title 21, United States Code, Section 841(b)(1)(E).

## COUNT TWO

### [International Money Laundering Conspiracy]

From in or around January 2011, through on or about September 11, 2015, in Broome County, in Northern District of New York, and elsewhere, the defendants,

**RYAN ROOT,
CALEB DOANE,
KENT FLETCHER,
DEREK STRASSLE, and
PAUL BOYLAN,**

and others conspired to transport, transmit and transfer, and attempt to transport, transmit, and transfer one or more monetary instruments and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a), in violation of Title 18, United States Code, Section 1956(a)(2)(A).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

The allegations contained in Count One and Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title

18, United States Code, Section 982(a)(1), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

Upon conviction of the offenses in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, 1956(h) set forth in Counts One and Two of this Indictment, the defendants, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense set forth in Count One or which was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense set forth in Count One, and any property, real or personal involved in the offense set forth in Count Two, or any property traceable thereto.

The property to be forfeited includes, but is not limited to:

a. A money judgment in an amount no less than $2,500,000.00.

### Substitute Assets

If any of the property described above, as a result of any act or omission of the defendant:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value;

e. Has been commingled with other property which cannot be divided without difficulty.

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461.

Dated:   September 11, 2015

A TRUE BILL,   name redacted

Grand Jury Foreperson

RICHARD S. HARTUNIAN
United States Attorney

By: *[signature]*
Solomon B. Shinerock
Daniel Hanlon
Assistant United States Attorneys